# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 1, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANDREW A. RICHARDS,**
**Claimant Below, Petitioner**

**vs.)  No. 15-0752** (BOR Appeal No. 2050140)
          (Claim No. 2014007672)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andrew A. Richards, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Coal Company, LLC, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 6, 2014, in which the Board affirmed a December 31, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 5, 2014, decision that denied the request for a lumbar LSO brace and denied the request to add the diagnosis of lumbar sprain as a compensable component of the claim.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Richards, a shuttle car operator for United Coal Company, was struck in the head with a rock on August 30, 2013, while performing his job. Mr. Richards sought treatment at

---

[1] Dr. Patel has submitted a request for a TLSO and a LSO back brace. Only the LSO back brace is considered in this appeal. An LSO is a lumbosacral orthosis whereas a TLSO is a thoraciclumbosacral orthosis.

1

Summers County ARH Hospital where he was diagnosed with a head injury and cervical strain. A cervical spine CT revealed no fractures or central canal stenosis. At C5-6-7 there was degenerative lipping, minimal bilateral uncinated joint arthritis with moderate central canal stenosis, and no significant neuroforaminal stenosis. A CT scan of the head revealed no calvarial fracture or acute intracranial bleed.

Mr. Richards was examined by Amarinder P. Chhabra, M.D., on September 5, 2013. Dr. Chhabra diagnosed neuritis, cervicalgia, headache, and an unspecified head injury. An MRI of the cervical spine revealed a disc protrusion at C5-6 and C6-7 with posterior osteophytes encroaching on neural foramina and left neural foramina stenosis. There were slightly narrowed disc spaces at C5-6 and C6-7 level. There was no fracture or cord compression. Dr. Chhabra evaluated Mr. Richards at a follow-up on October 9, 2013, where he diagnosed a herniated cervical disc and left cervical radiculopathy at C7 dermatome. Dr. Chhabra referred him for a neurosurgical consultation.

On October 28, 2013, Mr. Richards reported to Rahesh V. Patel, M.D., for a consultation. Dr. Patel identified problems in the lumbar spine and suggested a lumbar spine MRI. He opined that the lumbar spine issues could have been caused by the work accident. Dr. Patel withheld his medical opinion until further information was available, suggested therapy, and for Mr. Richards to remain off work. Mr. Richards underwent physical therapy from November 5, 2013, through December 20, 2013. A December 5, 2013, lumbar MRI, revealed a straitening of the normal lumbar lordosis, degenerative disc disease, facet disease, and mild bulging at L1-2 and L3-4. There was no evidence of canal stenosis or nueroforaminal narrowing. Dr. Patel reevaluated Mr. Richards on December 9, 2013, and prescribed a TLSO back brace to give support. Dr. Patel opined it would give him more functionality and help his back heal. He opined that surgery was unnecessary for the lower back but could be necessary for the neck. He also requested an EMG to assess the incidence of radiculopathy. By separate correspondence Dr. Patel requested an LSO support brace.

Rebecca Thaxton, M.D., performed a physician review dated January 6, 2014, and opined that any lumbar spine diagnosis should not be added to the claim because it is not supported by the medical evidence. She noted that the lumbar spine was not mentioned until October 28, 2013, which was nearly two months after the injury. She opined that he far exceeded the appropriate diagnostic criteria listed in West Virginia Code of State Rules § 85-20-37.2 (2006). It states that the onset of low back pain and paraspinal muscle spasm should begin either suddenly after the injury occurs or develop gradually over the next twenty-four hours. The following day the claims administrator denied the request for a LSO brace and for a lumbar spine injury to be added as a compensable component.

The StreetSelect Grievance Board affirmed the claims administrator's decision to deny the request for a lumbar LSO brace and the request to add a lumbar spine injury as a part of the compensable diagnoses on February 4, 2014. The following day the claims administrator entered an Order that denied the request for a lumbar LSO brace and denied the request to add the diagnosis of lumbar sprain as a compensable component of the claim. However, on March 5, 2014, Dr. Patel indicated in correspondence that the brace would be helpful in reducing the pain

2

associated with the lower back. Dr. Patel opined that he was not at his maximum medical improvement and would benefit from physical therapy, injections, and the brace.

On March 18, 2014, Mr. Richards was deposed. He indicated the compensable injury caused his lower back pain. He insisted that he had the pain immediately following the injury but did not report it to Dr. Chhabra because his head was the main concern at that point in time. He indicated that he had never had back pain or trouble before the compensable injury. Mr. Richards continued to treat with Dr. Patel from March 19, 2014, through June 2, 2014.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on June 25, 2014, during which he found Mr. Richards to be at maximum medical improvement. Dr. Mukkamala agreed that the denial of the LSO brace and the denial of the addition of a lumbar spine injury was appropriate. He reasoned that the symptoms and the alleged injury at several weeks apart were far too separated to form a causal connection.

John Schmidt, M.D., performed a neurological examination on July 30, 2014, and found a chronic musculoskeletal mechanical cervical strain superimposed on a degree of cervical degenerative spondylitic athropathy. He also opined that he suffers from chronic radiculopathy in the cervical spine which was related to the injury. He opined that surgery was necessary. He believed that Mr. Richards would never be able to return to his pre-injury workload but that with surgery he had a 50/50 chance of long term recovery.

The Office of Judges determined that Mr. Richards did not suffer a lumbar spine injury in the course of and as a result of his employment. The Office of Judges found the reports of Dr. Mukkamala and Dr. Thaxton to be in alignment with the relevant law and evidence of record. West Virginia Code of State Rules § 85-20-37.2 (2006) states that the onset of low back pain and paraspinal muscle spasm should begin either suddenly after the injury occurs or develop gradually over the next twenty-four hours. The Office of Judges reasoned that because Mr. Richards's symptoms did not manifest or go reported for several months, his symptoms were not related to the injury. The Office of Judges further reasoned this assertion was supported by the lumbar MRI which revealed degenerative changes as opposed to any acute injury. The Office of Judges found that the lumbar LSO brace was not medically related and reasonably required because it was requested to treat a non-compensable diagnosis. Furthermore, Dr. Mukkamala opined that he was at maximum medical improvement and required no further treatment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the consistent decision of the Office of Judges and Board of Review. There was a significant delay in reporting the lower back symptoms and the injury. The MRI of the lumbar spine did not show any acute process only degenerative changes consistent with pre-existing osteoarthritis. Furthermore, Dr. Mukkamala's and Dr. Thanxton's reports were persuasive because they are in alignment with the other evidence of record and current law.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

3

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 1, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman